**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

ROLANDIS CHATMON,                                                                         PLAINTIFF
ADC # 140078

v.                                            4:26CV00368-JM-JTK

AARON ROGERS, et al.                                                                    DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District James M. Moody, Jr.   Any party may file written objections to all or part of this Recommendation.   If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation.   By not objecting, you may waive the right to appeal questions of fact.

**DISPOSITION**

**I.       INTRODUCTION**

Rolandis Chatmon ("Plaintiff") is in custody at the Varner Unit of the Arkansas Division of Correction.   He filed this pro se civil rights action pursuant to 42 U.S.C. § 1983.   (Doc. No. 1).

Plaintiff did not submit a Motion to Proceed In Forma Pauperis.   Asking Plaintiff to do so would be futile, because Plaintiff is a "three striker" under the Prison Litigation Reform Act ("PLRA").

## II.     SCREENING

The Court is required to screen prisoner complaints seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a).[1] Additionally, the PLRA, 28 U.S.C. § 1915(g), provides that:

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three (3) or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Plaintiff has had at least three complaints dismissed for failure to state a claim.[2]   The Court finds that Plaintiff is a "three-striker" within the meaning of the PLRA.  Gonzalez v. United States, 23 F. 4th 788, 789-91 (8th Cir. 2022).

---

[1] The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).   An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).   Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985).   An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."   Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).   In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction.   Haines v. Kerner, 404 U.S. 519, 520 (1972).   The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).
Additionally, to survive a court's screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Twombly, 550 U.S. at 570.   A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.   Twombly, 550 U.S. at 556-7.   The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief."   Id.

[2] Chatmon v. Kemp, et al, 4:20cv00883-BRW (E.D. Ark.) (no appeal filed); Chatmon v.

2

Plaintiff may, however, be permitted to proceed in forma pauperis if he falls under the "imminent danger" exception to the three strikes rule set forth above. 28 U.S.C. §1915(g). This exception does not apply to allegations of past danger, and the alleged harm must be "real and proximate" and occurring at the time the complaint is filed. Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002). In the Eighth Circuit, the exception does not apply unless the plaintiff alleges "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003).

Plaintiff sued Emergency Response Team Member Aaron Rogers, Sergeants J. Merrill and Chyna Thomas, and Corporal Jimmy Kilgore, Jr. alleging violations of Plaintiff's constitutional rights. (Doc. No. 1). Plaintiff explains that on November 10, 2024, Defendants Rogers and Merrill used a chemical agent against Plaintiff after Plaintiff was accused of flooding his cell. (Id. at 6). Plaintiff was placed on behavior control for 72 hours. (Id.). Plaintiff was told Defendant Rogers "would have to take [Plaintiff] off" of behavior control. (Id.). On November 14, 2024, Plaintiff flooded his cell because he still had not received his property back despite the 72-hour behavior control period having passed. (Id. at 8-9). Later, when being escorted to the shower, Defendants Rogers and Merrill slammed Plaintiff to the ground while Plaintiff was in full restraints. (Id. at 10). Defendant Kilgore held Plaintiff's legs while Defendant Merrill held Plaintiff so that Defendant Rogers "could get accurate and direct punches to Plaintiff's face." (Doc. No. 1 at 10). Defendant Rogers then threw Plaintiff into the shower. (Id.).

---

Henry, 4:23cv00689-LPR (E.D. Ark.) (appeal dismissed May 3, 2024, for failure to prosecute); and Chatmon v. Faulkner County, Arkansas, et al., 4:24cv00179-BRW (E.D. Ark.) (no appeal filed).

Plaintiff makes additional allegations about receiving false disciplinaries, filing grievances about the incident, and filing a complaint with the Arkansas Claims Commission about the incident. (Id. at 11-14). Plaintiff also filed a lawsuit in the Circuit Court of Lincoln County, Arkansas, in connection with the alleged use of excessive force. (Id. at 13).

Plaintiff asserts that Defendant Rogers continues to "threaten, intimidate, write fictitious disciplinaries, interfere with legal mail & [the] mailing process." (Id. at 14). Plaintiff maintains Defendants Merrill and Kilgore "failed to protect Plaintiff from harm by failing to intervene when Rogers was beating Plaintiff." (Id.). Plaintiff says that Defendant Thomas was not in a position to protect Plaintiff from harm but "is a proper party needed to adjudicate this case." (Doc. No. 1 at 14).

Plaintiff cannot establish imminent danger through his allegations in this case. Plaintiff's claims against Defendants Merrill and Kilgore are limited to allegations of failure to protect that took place roughly a year-and-a-half in the past. Plaintiff alleges no additional action by these Defendants. Plaintiff alleges no unlawful behavior against Defendant Thomas. Plaintiff cannot show that he is in imminent danger of harm from Defendant Thomas.

Plaintiff says that on March 13, 2026, Defendant Rogers walked past Plaintiff's cell threatening physical harm "if Plaintiff continues to seek legal redress." (Id. at 3). Defendant Rogers also threatened to take Plaintiff off the step-down program, wrote Plaintiff a false disciplinary, and interfered with Plaintiff's legal mail. (Id. at 3-5). Plaintiff's allegations against Defendant Rogers are disturbing but are not enough to establish that Plaintiff is in imminent danger of serious physical harm. Nearly one-and-a-half years have passed after Defendant Rogers allegedly used excessive force against Plaintiff and Plaintiff has not claimed any further incidents of force involving Defendant Rogers. Considering the substantial time that has passed since the

alleged use of excessive force, the Court finds Plaintiff's allegations do not support a finding of "ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Martin, 319 F.3d at 1050. As such, Plaintiff's Complaint should be dismissed without prejudice pending payment of the $405.00 filing and administrative fee.

## III.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.   Plaintiff's Complaint be DISMISSED without prejudice.

2.   If Plaintiff wishes to continue this case, he be required to submit the statutory filing and administrative fee of $405.00 to the Clerk, noting the above case style and number, within fifteen (15) days of the date of this Order, together with a motion to reopen the case. Upon receipt of the motion and full payment, the case will be reopened.

3.   The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an in forma pauperis appeal from any Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

Dated this 21st day of April, 2026.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE